## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| ANTHONY PARKER, individually and on behalf of classes of similarly situated individuals, | ) ) ) | |
| *Plaintiff*, | ) ) | |
| v. | ) ) | **Case No. _____** |
| SIRIUS XM RADIO, INC., a Delaware corporation, | ) ) ) | **Class Action** |
| | ) | **Jury Trial Demanded** |
| *Defendant*. | ) ) | |

## CLASS ACTION COMPLAINT

Plaintiff Anthony Parker ("Plaintiff") brings this class action complaint against Defendant Sirius XM Radio, Inc., a Delaware corporation ("Defendant" or "Sirius XM") to obtain redress for all persons injured by Defendant's unauthorized telephone solicitation calls using an automatic telephone dialing system ("ATDS"), and to stop Defendant's unlawful telephone solicitation practices. Plaintiff's allegations below are made upon personal knowledge as to himself and his own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE CASE

1.    Defendant, working with its agents, placed unsolicited automated calls to the cellular telephones of thousands of consumers nationwide as part of an unlawful effort to market its satellite radio subscription services.

2.    By placing unauthorized automated telephone calls using an ATDS ("robocalls") to the cellular telephones of individuals throughout the nation, Defendant violated federal law.

3.      Defendant has violated the statutory rights of the called parties, and has caused actual harm to such call recipients by effectuating these unauthorized calls, because the called parties experienced the aggravation and invasion of privacy that necessarily accompanies unsolicited telephone solicitation calls and also because the recipients sometimes have to pay their cellular phone providers for receiving the calls or incur a usage deduction on their plans.

4.      To redress these injuries, Plaintiff, on behalf of himself and a national class and subclass, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), which protects consumers' privacy rights to be free from receiving unsolicited automated telephone calls.

5.      On behalf of the class and subclass, Plaintiff prays for an injunction requiring that Defendant cease all unauthorized automated telephone calls, and an award of statutory damages to the members of the class and subclass, together with costs and reasonable attorneys' fees.

## PARTIES

6.      Plaintiff is a natural person, domiciled in the State of Florida.

7.      Defendant Sirius XM Radio, Inc. is a nationwide provider of a paid subscription satellite radio service. Sirius XM is a Delaware corporation with its principal place of business located in New York. Sirius XM conducts business in this District, and conducts business elsewhere throughout the United States.

## JURISDICTION

8.      This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*

## VENUE

9.      Venue is proper in this district under 28 U.S.C. § 1391(b), because Defendant conducts business in this District, including the telemarketing activity at issue herein.  Moreover, a substantial part of the events or omissions giving rise to the asserted claims occurred in this District.

## CONDUCT COMPLAINED OF

10.      Defendant engaged in the mass transmission of unsolicited robocalls to cellular phones nationwide as part of an effort to promote its satellite radio service.

11.      In an apparent effort to sell Defendant's satellite radio subscription service to Plaintiff, Defendant began placing robocalls to Plaintiff's cellular telephone beginning in or about August 2014.

12.      Specifically, Plaintiff's cell phone would ring and indicate that he was receiving a phone call from 321-234-1090, a phone number associated with Defendant's automated calling operation that markets Defendant's satellite radio service.

13.      These automated solicitation calls, including the calls made to Plaintiff, were placed en masse to a list of numbers using an ATDS and with "predictive dialing" technology, which automatically places calls without human intervention until the called party answers the call, at which time an automatic dialer attempts to connect the called party with a human representative.

14.      Defendant placed these unwanted and unsolicited robocalls to Plaintiff's cellular telephone two to three times a week, every week, over the past several months preceding the filing of the instant complaint.

15.      Plaintiff has never been a Sirius XM subscriber and at no time did Plaintiff provide Defendant with consent, including any written consent, to place any telephone calls, including any

calls made through an ATDS, to his cellular telephone number.

## CLASS ACTION ALLEGATIONS

16.     Plaintiff brings this action pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of himself as well as a national class (the "Called Party Class") with one subclass (the "Written Consent Subclass") as defined below:

 (i) The Called Party Class: All persons in the United States and its Territories who, within four years prior to the filing of this lawsuit, received one or more telephone solicitation calls on their cellular telephone advertising Sirius XM's satellite radio service through an automated telephone dialing system without providing prior express consent to receive such phone calls.

(ii) The Written Consent Subclass: All persons in the United States and its Territories who, since October 16, 2013, received one or more telephone solicitation calls on their cellular telephone advertising Sirius XM's satellite radio service through an automated telephone dialing system without providing prior express written consent to receive such phone calls.

17.     Plaintiff will fairly and adequately represent and protect the interests of all members of the Class and Subclass.  Plaintiff has retained counsel with significant experience in prosecuting complex litigation and class actions.  Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and Subclass, and possess the financial resources to do so.  Plaintiff does not have any interests adverse to those of the other members of the Class and Subclass, and Plaintiff's counsel also has no interests adverse to the Class and Subclass members.

18.     If this suit were not to proceed as a class action, most members of the Class and Subclass would be unable to obtain an effective remedy because the cost of litigating their claims would be prohibitive.  Class treatment of common questions of law and fact is superior to multiple

4

individual actions or piecemeal litigation because it conserves the resources of the courts and the litigants, while promoting consistency and efficiency of adjudication.

19.     Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class and Subclass, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and Subclass, and making injunctive or corresponding declaratory relief appropriate for the Class and Subclass as a whole.

20.     Defendant's liability to Plaintiff and to the other members of the Class and Subclass is premised on the same factual and legal bases, causing injury to Plaintiff and to all of the other members of the Class and Subclass.  Plaintiff and the other members of the Class and Subclass have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

21.     Upon information and belief, there are hundreds, if not thousands, of members of both the Class and Subclass such that joinder of all members is impracticable.

22.     Many questions of law and fact are common to the claims of Plaintiff and the other members of the Class and Subclass, and those questions predominate over any questions that could affect individual members of the Class and Subclass.  Common questions for the Class and Subclass include, but are not limited to, the following:

(a)     Did Defendant market its satellite radio service by placing automated telephone calls?

(b)     Were the calls placed using an ATDS?

(c)     Did Defendant place telephone solicitation calls marketing its satellite radio service using an ATDS to consumers who had not provided Defendant with prior express consent to receive such calls on their respective cellular telephone numbers?

(d)     Did Defendant place telephone solicitation calls marketing its satellite radio services using an ATDS after October 16, 2013 to persons who did not previously provide Defendant with prior express written consent to receive such calls on their cellular telephone numbers?

(e)     Were the unauthorized calls made by Defendant using an ATDS in violation the TCPA?

(f)     Was Defendant's conduct in violation of the TCPA willful such that the members of the Class and Subclass are entitled to treble damages?

(g)     Should Defendant be enjoined from continuing to engage in such conduct?

## COUNT ONE

**Violation of the Telephone Consumer Protection Act (47 U.S.C. § 227)
on behalf of the Called Party Class and the Written Consent Subclass**

23.     The foregoing allegations in Paragraphs 1 through 22 are incorporated by reference as if fully set forth herein.

24.     Defendant used an ATDS to make unsolicited telephone calls without prior express consent to the cellular telephone numbers of Plaintiff and the other members of the Called Party Class.  The equipment used to make each such call had the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers and/or to dial numbers from a call list.

25.     Defendant used an ATDS to make unsolicited telephone calls after October 16, 2013 without prior express written consent to the cellular telephone numbers of Plaintiff and the other members of the Written Consent Subclass.  The equipment used to make each such call had the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers and/or to dial numbers from a call list.

26.     By engaging in such conduct Defendant violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

27.     Defendant's illegal conduct violated the Class and Subclass members' privacy rights and resulted in statutory and actual damages, and, under 47 U.S.C. § 227(b)(3)(B), the Class and Subclass members are each entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

WHEREFORE, Plaintiff Tony Parker, on behalf of himself and the Class and Subclass, requests the following relief:

A.     An order certifying the Class and Subclass as defined above;

B.     An award of statutory damages;

C.     An injunction requiring Defendant to cease all unauthorized prerecorded telephone activities;

D.     An award of reasonable attorneys' fees and expenses of litigation; and

E.     Such further and other relief as the Court deems just or equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: July 20, 2015                    TONY PARKER, individually and on behalf of
                                        classes of similarly situated individuals

                                        /s/ David P. Healy_____
                                        David P. Healy (FL. Bar No. 0940410)
                                        DUDLEY, SELLERS & HEALY PL
                                        SunTrust Financial Center
                                        3522 Thomasville Road, Suite 301
                                        Tallahassee, Florida 32300
                                        Tel: (850) 222-5400
                                        Fax: (850) 222-7339
                                        dhealy@davidhealylaw.com

                                        *Counsel for Plaintiff Parker, individually and on
                                        behalf of all others similarly situated*