UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY PARKER, individually and
on behalf of classes of similarly situated
individuals,

    Plaintiff,

v.                                      CASE NO:  8:15-cv-1710-T-30EAJ

SIRIUS XM RADIO, INC.,
a Delaware corporation,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Stay Pending Other Judicial Proceedings (Dkt. #20) and Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Stay (Dkt. #22).  Upon review and consideration, the Court concludes that the motion should be granted in part and denied in part.

## BACKGROUND

Plaintiff Anthony Parker filed this class action lawsuit against Defendant Sirius XM Radio, Inc. on July 22, 2015, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), after he received numerous unsolicited, automated telemarketing calls on his cellular phone as part of Defendant's telephone marketing campaign for its satellite radio services.  Plaintiff's complaint seeks to represent a class of

all individuals who received unauthorized automated telemarketing calls from Defendant over the four years preceding the filing of the lawsuit, as well as a subclass of individuals who received such calls after October 16, 2013, without providing Defendant prior express written consent.

This is one of several class action lawsuits against Defendant alleging violations of the TCPA currently pending around the country. *See Knutson v. Sirius XM Radio Inc.*, No. 12-cv-0418 (S.D. Cal.); *Hooker v. Sirius XM Radio Inc.*, No. 13-cv-3 (E.D. Va.); *Trenz v. Sirius XM Radio Inc.*, No. 15-cv-0044 (S.D. Cal.); *Elikman v. Sirius XM Radio Inc.*, No. 15-cv-02093 (N.D. Ill.). Prior to this suit being filed, the plaintiffs in *Elikman*, *Knutson*, and *Trenz* filed a motion before the Judicial Panel on Multidistrict Litigation (MDL Panel) to consolidate and coordinate the cases for pre-trial proceedings.

In July 2015, while the parties waited for a decision from the MDL Panel, the Federal Communications Commission ("FCC") issued an "Omnibus" declaratory ruling addressing a large number of petitions relating to the TCPA. *See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 F.C.C. Rcd. 7961, 7972 (July 10, 2015). Among the issues discussed in the 2015 FCC Ruling was the definition of Automatic Telephone Dialing System ("ATDS") as it pertains to establishing a TCPA violation. The 2015 FCC Ruling reaffirmed the FCC's previous decisions that a predictive dialer qualifies as an ATDS within the meaning of the TCPA.

Dissatisfied with the 2015 FCC Ruling, Defendant and others filed a Petition for Review in the Circuit Court of Appeals for the D.C. Circuit shortly after the 2015 FCC

Ruling was released. Defendant's Petition for Review seeks a ruling from the D.C. Circuit that the 2015 FCC Ruling is unlawful, "arbitrary," and an "abuse of discretion." *See Sirius XM Radio Inc. v. FCC*, No. 15-1218 (D.C. Cir.) ("Petition for Review").

Nearly two months after the FCC issued its declaratory ruling, on August 7, 2015, the MDL Panel denied the joint motion to transfer, finding "that centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of the litigation." *In re: Sirius XM Radio, Inc., Telephone Consumer Protection Act (TCPA) Litigation*, - - - F. Supp. 3d - - -, 2015 WL 4710316, at *1 (J.P.M.L. Aug. 7, 2015). The MDL Panel's primary reason was that *Hooker v. Sirius XM Radio, Inc.*, Case No. 4:13-CV-3, currently pending in the Eastern District of Virginia, "is significantly advanced, with fact and expert discovery completed and class certification briefing poised to commence." Accordingly, the MDL Panel explained that "informal cooperation among the involved attorneys and courts is both practicable and preferable to centralization." In addition, the MDL Panel "encourage[d] the parties to employ available alternatives to transfer to minimize the potential for duplicative discovery and inconsistent pretrial rulings." *Id.* Since the entry of the MDL Panel's order, the plaintiff's motion for class certification in *Hooker* has been fully briefed.

Defendant's motion seeks a stay of this case pending the resolution of class certification proceedings in *Hooker*. In the alternative, Defendant requests a stay of this case pending the D.C. Circuit's review of the 2015 FCC Ruling. As stated below, the Court

grants a stay pending resolution of class certification in *Hooker*. The Court declines granting a stay during the pendency of the appeal of the 2015 FCC Ruling.

## DISCUSSION

"Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit . . ." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). Accordingly, district courts regularly stay later-filed class action lawsuits in favor of previously filed, substantially similar ones. *See, e.g., Peterson v. Aaron's, Inc.*, No. 1:14-CV-1919, 2015 WL 224750, at *2-*3 (N.D. Ga. Jan. 15, 2015) (staying later-filed class action because of overlap with earlier-filed one).

The Court concludes that staying this case until the *Hooker* court resolves the plaintiff's motion for class certification is appropriate. Both this case and *Hooker* arise from substantially the same allegations that Defendant violated the TCPA by placing unauthorized calls to the cellular telephones of the named plaintiffs and the putative class members using an ATDS. The class certification issues involved in this case and *Hooker* are "unquestionably intertwined." *See Elikman v. Sirius XM Radio, Inc.*, No. 15-cv-2093 (N.D. Ill. Dec. 21, 2015) (granting Defendant's motion to stay in the related *Elikman* action pending the *Hooker* court's resolution of class certification). Indeed, as the district court in *Elikman* noted, staying this case under the present circumstances is the "sort of alternative to consolidation that the MDL Panel envisioned." *Id.* Accordingly, the Court will stay this case until class certification is resolved in *Hooker*.

Like the district court in *Elikman*, the Court similarly denies Defendant's motion to the extent it seeks a stay pending the outcome of its Petition for Review. Staying the case pending the D.C. Circuit's review would subject Plaintiff to the inequity of an indefinite stay because it is unknown when the D.C. Circuit will rule. *Id.*

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Stay Pending Other Judicial Proceedings (Dkt. #20) is granted in part and denied in part.

2. This action is stayed pending the resolution of class certification in *Hooker*.

3. The Clerk of Court is directed to administratively close this case.

4. The parties shall file a joint status report within fourteen (14) days of the resolution of class certification in *Hooker*.

**DONE** and **ORDERED** in Tampa, Florida on December 22, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2015\15-cv-1710 motion stay 20.wpd